IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

_____

ROMO & ASSOCIATES, a professional corporation, and ANTHONY LAWRENCE ROMO, individually,

   Plaintiffs,

v.                  No. CIV 03-1187 BB/WDS

TRENCHLESS INFRASTRUCTURE TECHNOLOGIES, INC., f/k/a Hydroscope Group, Inc., n/k/a Hydroscope Integrated Technologies, Inc., a Nevada corporation, DANIEL W. COOK, individually, and YOLANDA T. COOK, individually,

   Defendants.

MEMORANDUM OPINION
AND
ORDER GRANTING MOTION TO DISMISS

THIS MATTER is before the Court on Defendants' *Motion to Dismiss* [#5] Count I for lack of subject matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1). The Court having considered the complaint, briefs of counsel, and being otherwise informed, finds the motion is well supported and should be Granted.

*Legal Standard*

In deciding a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b), "[a]ll well-pleaded facts, as distinguished from conclusory allegations, must be taken as

true." *Swanson v. Bixler*, 750 F.2d 810, 813 (10th Cir. 1984).  The Court should thus accept all well-pleaded allegations in the complaint as true and construe them in the light most favorable to the non-moving party.  *GFF Corp. v. Associated Wholesale Grocers, Inc.*, 130 F.3d 1381, 1384 (10th Cir. 1997).  A cause of action may not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiffs can prove no set of facts in support of the theory of recovery that would entitle them to relief.  *Id.*; *Mangels v. Pena*, 789 F.2d 836, 837 (10th Cir. 1986).  When evaluating a Rule 12(b) motion to dismiss a securities fraud action, the Court must evaluate the totality of the pleadings to determine if Plaintiffs have stated an actionable claim of securities fraud.  *Adams v. Kinder-Morgan, Inc.*, 340 F.3d 1083 (10th Cir. 2003); *City of Philadelphia v. Fleming Cos.*, 264 F.3d 1245 (10th Cir. 2001).

The Court will review the complaint under these standards.

### *Issue*

The vast majority of Plaintiffs' complaint alleges state law theories, to-wit: defamation, breach of contract, breach of fiduciary duty, fraud, and intentional interference with prospective advantage.  However, as a basis for federal jurisdiction, Plaintiffs' also allege one count of "securities fraud" pursuant to the Securities Exchange Act of 1934, 15 U.S.C. § 78j(b) and Securities and Exchange Commission Rule 10b-5. 17 C.F.R. 240.10b-5.  Defendants' motion argues that Plaintiffs fail to allege the transactional basis necessary to maintain a claim under the security laws.

*Discussion*

Plaintiffs' complaint alleges that Defendants Daniel and Yolanda Cook own 84% of Hydroscope Integrated Technologies ("Hydroscope"). While it is not clear the the percentage of ownership, Romo & Associates ("Romo") owns a minority position, 100,000 shares of Hydroscope as a result of the "amicable" resolution of a prior dispute. Plaintiffs maintain Daniel Cook attempted to buy Romo's shares in September 2003, but the offer was rejected. Plaintiffs allege Cook then began an organized effort to label Romo "as a disgruntled shareholder or a disenchanted shareholder to any potential investor or anyone else." (Compl. ¶ 25). Romo next sought a position on the Hydroscope Board of Directors, but was rebuffed at which time "Daniel W. Cook stated Anthony Lawrence Romo is not competent to be a director of Hydroscope." (Compl. ¶ 27).

The complaint further alleges Daniel Cook called an unscheduled shareholders meeting and introduced a resolution requiring a voluntary redemption of all shares at $1.48 per share. Romo opposed the resolution and it failed. (Compl. ¶ 22). Cook then proposed a resolution seeking approval of the sale of all corporate assets to the Cooks for $1 with "the Cooks purported assumption of $5 million in Company debt." (Compl. ¶ 29). That resolution also failed, and the meeting adjourned with Cook allegedly stating "he would proceed to effect a mandatory redemption of the minority shareholders and given them pennies for their shares." (Compl. ¶ 30).

**Section 10b of the 1934 Securities Exchange Act makes it unlawful "to use or employ, [utilizing any means or instrumentality of interstate commerce], in connection with the purchase or sale of any security ... any manipulative or deceptive device or contrivance in contravention of such rules as the Commission may prescribe." 15 U.S.C. § 78j(b). In 1942, the Securities and Exchange Commission promulgated Rule 10b-5. Like the statute from which it derives, Rule 10b-5 requires "the use of any means of interstate commerce or the mails or of any facility of any securities exchange" and some type of misstatement of material fact "in connection with the purchase or sale of any security." 17 C.F.R. § 240.10b-5. A review of this language makes it clear that Congress intended several prerequisites to a private cause of action. *Santa Fe Industries, Inc. v. Green*, 430 U.S. 462, 477-80 (1977).**

**Defendants challenge the complaint on the ground that Plaintiffs fail to allege any fraud occurring "in the connection with the purchase or sale of any security." Plaintiffs respond by invoking the "forced sale" doctrine. Even under the forced sale concept, however, there must be more than pressure, there must be a transaction or a fundamental change in Plaintiffs' investment. *Blue Chip Stamps v. Manor Drug Stores*, 421 U.S. 723 (1975); *Jensen v. Voyles*, 393 F.2d 131 (10th Cir. 1968); *Kagan v. Edison Bros. Stores*, 907 F.2d 690 (7th Cir. 1990). Here, Plaintiffs have merely alleged Defendant Cook made two unsuccessful attempts, and then continued to threaten, to redeem Plaintiffs' stock for less than market value. This is insufficient to constitute a**

4

"forced sale."  *See Ray v. Karris*, 780 F.2d 636 (7th Cir. 1985); *Arnesen v. Shawmut County Bank*, 504 F. Supp. 1077 (D. Mass. 1980); *Alpex Computer Corp. v. Pitney Bowes, Inc.*, 417 F. Supp. 328 (S.D.N.Y. 1976).

Related to the transaction requirement is that Plaintiffs must plead Defendants issued a material misstatement intended to deceive or manipulate.  *Aaron v. SEC*, 446 U.S. 680 (1980).  Plaintiffs' complaint also fails to satisfy this requirement.  *Tuchman v. DSC Communications Corp.*, 14 F.3d 1061 (5th Cir. 1994).  Finally, since there is no transaction identified, it is questionable whether Plaintiffs can identify how Defendant Cook's alleged security fraud or manipulation caused them loss.  *See Norwood Venture Corp. v. Converse, Inc.*, 959 F. Supp. 205 (S.D.N.Y. 1997) (mere drop in market value insufficient to support causation).

As noted, Plaintiffs' amended complaint alleges one count of securities fraud, and several counts based on New Mexico state law.  Since Plaintiffs' claim of securities fraud fails for failure to state a claim upon which relief can be granted, the only federal issue in this case will be dismissed.  The Court will, then, dismiss this case for lack of subject matter jurisdiction.

Although Defendants cite 15 U.S.C. § 78j(1) as a basis for attorney's fees, the Court does not believe attorney's fees are appropriate at this point as Plaintiffs may have viable state law claims.  *See Nemeroff v. Abelson*, 620 F.2d 339 (2d Cir. 1980).

**O R D E R**

**Based on the above discussion, Defendants'** *Motion to Dismiss* **is GRANTED, and Plaintiffs' complaint is DISMISSED for failure to state a claim on which federal jurisdiction may be maintained. No attorney's fees are awarded.**

**SO ORDERED this 6th day of February, 2004.**

                                                **BRUCE D. BLACK**
                                                **United States District Judge**

**For Plaintiffs:**
    **Anthony Lawrence Romo, ROMO & ASSOCIATES, Albuquerque, NM**

**For Defendants:**
    **Sam Bregman, Eric Loman, BREGMAN LAW FIRM, Albuquerque, NM**